UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TIMOTHY MAKAS,

                        Plaintiff,

   -v.-                                              1:07-CV-0060
                                                                   (GLS)(RFT)

ULSTER COUNTY; ORANGE COUNTY; THE
PEOPLE OF THE STATE OF NEW YORK,

                        Defendants.

---

APPEARANCES:

TIMOTHY MAKAS
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

## DECISION and ORDER

**I. Introduction**

     The Clerk has sent to the Court a civil rights complaint, together with an *in forma pauperis* application and inmate authorization form, filed by plaintiff Timothy Makas.  Dkt. Nos. 1-3.  Makas is presently confined at the Mid-Hudson Psychiatric Center.

     In his complaint, Makas states that he entered into an "insanity plea agreement" in Ulster County Court in December of 2000.  Dkt. No. 1 at 5.  According to Makas, he was not fully informed of the consequences of the

plea. *Id.* Specifically, Makas claims that "all parties agreed" to a maximum length of confinement of six months. *Id.* at 2. Makas claims that the plea agreement has been violated, as he has been detained for six years. *Id.* Makas seeks monetary damages and "enforcement" of the original plea agreement. *Id.* at 10. For a complete statement of Makas' claims, reference is made to the complaint.

## II. Discussion

Plaintiff seeks to maintain this action pursuant to 42 U.S.C. § 1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by persons acting under color of state law. *German v. Fed. Home Loan Mortgage. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995 ) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

Although the Court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and

extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the Court to determine that a claim is not frivolous before permitting a plaintiff to proceed.  See *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that plaintiff has paid statutory filing fee); *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (district court has power to dismiss a complaint *sua sponte* if the complaint is frivolous).

In June 2002, Makas filed a petition for habeas corpus relief in the Northern District of New York challenging his confinement pursuant to what appears to be the same Ulster County plea agreement complained of in this action. *Makas v. Bennett*, 9:02-CV-0836 (JKS/DRH).  The habeas proceeding is pending.  In addition, Makas has filed two civil rights complaints asserting claims which appear to be virtually identical to those asserted in this action.[1]  See *Makas v. Nneji*, 1:04-CV-1509 (LEK/DRH); *Makas v. State of New York*, 1:05-CV-1564 (GLS/RFT).  In *Makas v. Nneji*, the action was

---

[1] While Makas attempts to frame the current action as a "breach of contract," all complaints involve the validity of the Ulster County plea agreement.  Dkt. No. 1 at 7.

3

dismissed due to Makas' failure to state a claim against the defendants upon which relief could be granted. In *Makas v. State of New York*, all claims relating to the Ulster County plea agreement were dismissed for failure to state a claim upon which relief could be granted.

The Court finds that this complaint is also legally insufficient and must be dismissed.

All of Makas' claims against the defendants arise out of the challenged plea agreement. As noted in *Makas v. State of New York*, the validity of this plea agreement is not properly before this Court. *Makas v. State of New York*, Dkt. No. 19 at 3. To the extent that Makas seeks to recover damages arising out of his conviction, his claim is barred because he failed to show that his conviction has been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994). In *Heck*, the Supreme Court held that a claim for damages relating to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *See id.* at 486-87 (explaining that to recover damages for "an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254"); *see also Channer v. Mitchell*, 43 F.3d 786, 788 (2d Cir. 1994) (affirming a *Heck*-based dismissal of § 1983 claims in which the plaintiff claimed he was unconstitutionally convicted as a result of police officers' perjury and coercion of witnesses because he had failed to establish that his conviction had been reversed); *Cameron v. Fogerty*, 806 F.2d 380, 386-89 (2d Cir. 1986) (dismissing § 1983 suit against police officers for unlawful arrest because conviction gave officers complete defense); *Duamutef v. Morris*, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation and civil rights conspiracy under *Heck* where the plaintiff's underlying conviction was valid).

As noted, Makas currently has a petition for habeas corpus pending in this District challenging the conviction in question. *See Makas v. Bennett*, 9:02-CV-0836 (JKS/DRH). It is clear that Makas' criminal conviction has not been reversed. Accordingly, Makas claims against the defendants must be dismissed.

Additionally, Makas has been previously advised that claims for

5

monetary relief against the State of New York are barred by the Eleventh Amendment to the United States Constitution.  *See* U.S. Const., Amend. XI; *Hans v. La.*, 134 U.S. 1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-921 (2d Cir. 1988); *Amankwaah v. Cayuga County*, 92-CV-1103, 1992 WL 296459, at \*2-3 (N.D.N.Y. Oct. 16, 1995) (McCurn, C.J.).

Since Makas' complaint does not state a claim upon which relief can be granted as against any of the defendants, this action is dismissed.  28 U.S.C. § 1915(e).²

WHEREFORE, it is hereby

ORDERED, that this action is **dismissed** due to Makas' failure to state a claim against the defendants upon which relief may be granted, and it is further

ORDERED, that in light of the ruling on the complaint filed herein, Makas' request to proceed *in forma pauperis* is **denied as moot**, and it is further

ORDERED, that the Clerk serve a copy of this Order on Makas by

---

² Although "the usual practice is to allow leave to replead a deficient complaint, *see* Fed. R. Civ. P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave my be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.")."  *Price v. Hasly*, No. 04-CV-0090S, 2004 WL 1305744, at \*2 (W.D.N.Y. June 8, 2004).

6

regular mail.

IT IS SO ORDERED.

February 7, 2007
Albany, New York

_____
United States District Court Judge