UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TIMOTHY MAKAS,

                              Plaintiff,

   -v.-                                                 1:07-CV-0060
                                                                          (GLS)(RFT)

ULSTER COUNTY; ORANGE COUNTY; THE
PEOPLE OF THE STATE OF NEW YORK,
                              Defendants.
_____

APPEARANCES:

TIMOTHY MAKAS
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

## **DECISION and ORDER**

     By Decision and Order dated February 7, 2007 ("February Order"), the complaint filed by plaintiff Timothy Makas was dismissed.[1]  Dkt. No. 4. Judgment was entered thereon on February 8, 2007 ("Judgment").  Dkt. No. 5.  Presently before the Court is a Motion for Reconsideration of the February Order and the Judgment.  Dkt. No. 6.

     A court may justifiably reconsider its previous ruling if: (1) there is an

---

[1] Makas' § 1983 claim was dismissed, *sua sponte*, because he failed to allege, in connection with his claim for monetary damages for an allegedly invalid plea agreement, that the underlying conviction or arrest had been previously invalidated or expunged.  Dkt. No. 4 at 4; *see also Heck v. Humphrey,* 512 U.S. 477, 489 (1994); *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (emphasis added) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted)); *Edwards v. Balisok,* 520 U.S. 641 (1997); *Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999).

intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)(citations omitted).

In support of his motion for reconsideration, Makas addresses issues already decided by the Court and attempts to frame his claims under new theories, or to better explain the theories presented in his original complaint. Makas claims that the insanity plea agreement and the six month maximum incarceration time he expected to receive pursuant to that agreement are not being disputed and are "valid up to the present, or until the habeas

2

invalidates the plea."[2]  Dkt. No. 6 at 6.  However, Makas also claims that the defendants violated the plea agreement, presumably by permitting or causing Makas to remain confined longer than six months.  *Id.* at 9.  Makas asserts that he is seeking damages for each month he has been confined beyond six months.  *Id.* at 5.  Despite Makas' attempts to frame his claims under a new theory, it is clear that he is seeking monetary damages in relation to an alleged violation of the plea agreement.  Therefore, Makas' claims are barred by *Heck*.

Because Makas has not established any of the above-cited factors relative to his motion, and has not met the strict standard required for reconsideration, the request is denied.

WHEREFORE, it is hereby

ORDERED, that Makas' motion for reconsideration (Dkt. No. 6) of the February 7, 2007 Order is **DENIED**, and it is further

ORDERED, that the Clerk serve a copy of this Order on Makas.

IT IS SO ORDERED.

---

[2] Makas also claims that the challenged plea agreement is contractual in nature and should be enforced.  Dkt. No. 6 at 7.

March 26, 2007
Albany, New York

                                                                                 *Gary L. Sharpe*
                                                           United States District Court Judge